FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 20 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>FREDDY GEOVANNY CHICAIZA BACULIMA,<br><br>Defendant. | |

15-CR-605

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**Appearances**

**For United States:**  David Gopstein
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-254-6153
Email: david.gopstein@usdoj.gov

**For Defendant:**  Andrew L. Friedman
164 West 25th St., Suite 7F
New York, NY 10007
Tel: 212-242-5903
Email: wandrewfriedman@aol.com

Jack B. Weinstein, Senior United States District Judge:

**Table of Contents**

I. Introduction ...................................................................................................................1
    A. Instant Offense: Illegal Reentry ..............................................................................2
    B. Arrest ......................................................................................................................2
    C. Guilty Plea ..............................................................................................................2
    D. Sentencing ..............................................................................................................2
II. Offense Level, Category, and Sentencing Guidelines Range .......................................3
III. Law ...............................................................................................................................4
IV. 18 U.S.C. § 3553(a) Considerations .............................................................................5
V. Consistency in Sentencing .............................................................................................6
VI. Sentence .........................................................................................................................6
VII. Conclusion .....................................................................................................................7

**I.**    **Introduction**

Defendant Freddy Geovanny Chicaiza Baculima is an Ecuadorian citizen who re-entered the United States illegally in order to earn more money and be better able to support his family in Ecuador. He pled guilty to the offense of illegal reentry after having previously been deported from the United States following his conviction for the commission of a felony, in violation of sections 1326(a) and 1326(b)(1) of title 8. *See* Sentencing Hearing Transcript, May 12, 2016 ("Sent. Hr'g"); Presentence Investigation Report, Apr. 12, 2016 ("PSR"), at 1.

On May 12, 2016, Mr. Baculima was sentenced to time served, three years of supervised release, and a $100 special assessment. He is expected to be deported following his release from criminal custody in the present case. *See* Sent. Hr'g. The defendant has already been in custody

1

for approximately six months. An additional period of incarceration would burden the taxpayers with an unnecessary cost, while depriving the defendant's family the benefit of his paycheck.

### A. Instant Offense: Illegal Reentry

In April 2005, the defendant was deported to Ecuador after a conviction for sexual abuse in New York state court. PSR at ¶ 2. In October 2015, he was found living at his parents' home in Queens. *Id.* at ¶ 3. A search of Immigration and Customs Enforcement records could not locate any record of defendant having applied for permission to reenter the country. *Id.* at ¶ 4.

### B. Arrest

Defendant was arrested without incident on October 27, 2015. *Id.* at ¶ 3. He has been in federal custody since that time. *Id.* at 1.

### C. Guilty Plea

On January 28, 2016, Mr. Baculima pled guilty to count one of a single-count indictment. *See* PSR at ¶ 1. Charged is that on October 27, 2015, defendant, a non-citizen who had previously been deported from the United States following a conviction for a felony, was found in the United States without the express consent of the United States Department of Homeland Security, in violation of sections 1326(a) and 1326(b)(1) of title 8. *See id.*; 8 U.S.C. §§ 1326(a), 1326(b)(1).

The applicable statute does not provide for a mandatory minimum term of imprisonment. The maximum term of imprisonment is ten years. *See* PSR at ¶ 51; 8 U.S.C. §§ 1326(a), 1326(b)(1).

### D. Sentencing

A sentencing hearing was conducted on May 12, 2016. *See* Sent. Hr'g. Before sentencing, the defendant affirmed his guilty plea. *Id.* The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations

that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II.     Offense Level, Category, and Sentencing Guidelines Range

The base offense level is 8. *See* PSR at ¶ 8; U.S.S.G. § 2L1.2(a). The offense level was increased by 12 points because the defendant illegally reentered the United States after sustaining a conviction for a crime of violence. PSR at ¶ 9; U.S.S.G. § 2L1.2(b)(1)(A)(ii). The offense level was decreased by two points for defendant's acceptance of responsibility, and another one point because the defendant timely notified the government of his intention to enter a plea of guilty. PSR at ¶¶ 15-16; U.S.S.G. §§ 3E.1.1(a)-(b).

The total adjusted offense level is 17. PSR at ¶ 17. Defendant's criminal history category is I. *Id.* at ¶ 20. This yields a Guidelines sentencing range of 24 to 30 months of imprisonment. *Id.* at ¶ 52. The parties do not object to the above Guidelines calculation. *See* Sent. Hr'g; *see also* United States Sentencing Mem., May 10, 2016, ECF No. 16.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is unnecessary. *See* Sent. Hr'g.

Mr. Baculima had an "unremarkable" childhood in a low-income household in Ecuador. PSR at ¶ 27. He lived with his parents in Ecuador until his father migrated to the United States in 1992 for economic reasons. *Id.* at ¶ 31. He has a sixth grade education level. *Id.* at 2. The defendant came to the United States in 2002 or 2003 in search of better economic opportunities. *Id.* at ¶ 31. He lived with family in East Hampton until he was arrested for sexual assault in 2005 and deported to Ecuador. *Id.*

The defendant has a ten-year-old son from an informal relationship. *Id.* at ¶ 28. The son resides with the defendant's grandmother in the defendant's parent's home in Ecuador. The defendant's current girlfriend of eight years, and their three young children, also live in his parent's home in Ecuador. *Id.* at ¶ 29. The defendant has continuously provided financial support for all of his children. *Id.* at ¶¶ 28-29. He returned to the United States in 2015 so that he could earn more money for his family. Sent. Hr'g.

The defendant has been in federal custody since his arrest on October 27, 2015. *Id.*; PSR at 1.

Imposing a custodial sentence would require the United States to pay for defendant's incarceration while also depriving his two children of the support that his paycheck would provide.

5

## V. Consistency in Sentencing

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time, with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, No. 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, No. 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same); *United States v. Palhua*, No. 15-CR-536, 2016 WL 1222257, at *3 (E.D.N.Y. Mar. 24, 2016) (finding that "the most appropriate action . . . is to sentence [defendant] to time served so that he can be deported immediately").

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Baculima is sentenced to time served and supervised release for a term of three years. Sent. Hr'g. A $100 special assessment is imposed. 18 U.S.C. § 3013. No fine is levied because Mr. Baculima has no substantial assets and is unlikely to be able to pay a fine. PSR at ¶ 48; Sent. Hr'g.

General and specific deterrence are achieved by the sentence imposed. Mr. Baculima pled guilty to a serious offense, for which he has accepted responsibility. He served

approximately six months in prison, unable to provide for his family. Defendant will be deported and suffer the collateral consequences of a felony conviction, as well as the conditions of a three year supervised release term.

**VII.     Conclusion**

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: May 16, 2016
        Brooklyn, New York